**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cr-00013 |
| v. ) | |
| ) | |
| MIGUEL ORR and ROMAINE BETTY, ) | |
| ) | |
| Defendants. ) | |

**APPEARANCES:**

**CHERRISSE R. WOODS, ESQ.**
**DELIA L. SMITH, ESQ.**
**ADAM FRANCIS SLEEPER, ESQ.**
UNITED STATES ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR PLAINTIFF THE UNITED STATES OF AMERICA*

**KIA DANIELLE SEARS, ESQ.**
**MATTHEW A. CAMPBELL, ESQ.**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR DEFENDANT MIGUEL ORR*

**JENNIE ESPADA, ESQ.**
SAN JUAN, PUERTO RICO
    *FOR DEFENDANT ROMAINE BETTY*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** are the Government's Motion in Limine and to Resolve MDLEA Jurisdiction Prior to Trial, (ECF No. 287), and the Government's Amended Motion in Limine and to Resolve MDLEA Jurisdiction Prior to Trial, (ECF No. 293), filed on January 6, 2026.

*United States v. Orr*
Case No. 24-cr-0013
Memorandum Opinion
Page 2 of 11

Defendant Miguel Orr ("Defendant") filed his opposition on January 11, 2026.[1] (ECF No. 311.) Defendant Romaine Betty joined in Orr's opposition. (ECF No. 312.)

The United States (the "Government") requests that the Court permit an extension of the deadline to submit motions in limine, which expired on December 29, 2025. In its Amended Motion, the Government petitions the Court to make a pre-trial determination confirming that the vessel involved in this maritime drug smuggling case falls under the jurisdiction of the United States pursuant to the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501, *et seq*.[2] In addition, the Government seeks to admit into evidence at trial—as a self-authenticating public record—the Certification of Commander Starr.[3] (ECF No. 293 at 1, Ex. 1.) Recognizing a circuit split on the issue, Defendants argue that jurisdiction is an element of the crime charged and properly left for a jury to decide—not a judge, as directed by the MDLEA. Defendant argues that the provision within the MDLEA that states jurisdiction "is *not* an element of an offense" and that jurisdictional issues arising under the statute "are preliminary questions of law to be determined solely by the trial judge," conflicts with the Sixth Amendment. 46 U.S.C. § 70504 (a) (emphasis added). The Court is not persuaded. For the reasons discussed below, the Government's motions will be granted in part and denied in part.

## I. BACKGROUND

### A. Procedural History

---

[1] Defendants also expressed their opposition to the Government's motions to file out of time on the record at the pretrial status conference held on January 6, 2026. (*See also* ECF No. 289 ¶2.)

[2] Defendants have been charged under the MDLEA with one count of conspiracy to possess a controlled substance with intent to distribute while on aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1), 70504(b)(2), 70506(a) and (b) and one count of possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting in violation of 46 U.S.C. §§ 70503(a)(1), 70504(b)(2), 70506(a) and Title 18 U.S.C. § 2. (ECF No. 98.)

[3] The Certification references "an Unknown Go-Fast Vessel (TWON), Federal Drug Identification Number (FDIN) 2024120497, dated June 24, 2024. (*See* ECF No. 293 at 1, Ex. 1.)

*United States v. Orr*
Case No. 24-cr-0013
Memorandum Opinion
Page 3 of 11

On July 15, 2024, Defendants filed a motion to dismiss, challenging, *inter alia*, the jurisdiction of the United States over their vessel under the MDLEA.[4] (ECF No. 69.) After thorough consideration, the Court orally denied the motion.[5] The Government has now moved the Court to make a pre-trial ruling that jurisdiction under the MDLEA is properly established in this case, and specifically, that the Certification provided by the U.S. Department of State establishes that the Government of Jamaica failed to either confirm or deny the nationality of the vessel at issue following a verbal claim of Jamaican registry by the master of the boat, pursuant to 46 U.S.C. § 70502(d)(1)(C).[6] (See ECF No. 293, Ex. 1.) The government further moves the Court to admit into evidence, as a self-authentication public record, the Certification itself.[7]

### B. Factual Background

On April 30, 2024, the U.S. Coast Guard intercepted Defendant's "go-fast" vessel in international waters, about 14 miles southwest of Haiti. (ECF No. 1-1). Defendant Orr claimed to be master of the boat and asserted Jamaican nationality for the boat and all crew members aboard. According to the U.S. Department of State Certification,

> the vessel displayed registration numbers 104.033.2023, and the master made a verbal claim of Jamaican nationality for the vessel . . . .[U]nder Article 14 of the Agreement between the Government of the United States of America and the Government of Jamaica Concerning Cooperation in Suppressing Illicit Maritime Drug Trafficking, the government of the United states requested that the Government of Jamaica confirm or deny the vessel's registry and, if confirmed, grant authorization to board and search the vessel. . . . The Government of Jamaica replied that it could neither confirm nor deny the vessel's registry or nationality. . . . [A]ccordingly, the vessel is subject to U.S. jurisdiction under 46 U.S.C. § 70502(c)(1).

The Court turns now to the determination of jurisdiction.

---

[4] Defendant's motion did not include a challenge to 46 U.S.C. § 70504(a) as to whether jurisdiction is an element of an offense or whether it is a question to be determined solely by the trial judge.

[5] A written opinion explaining the Court's reasoning is forthcoming.

[6] The Government's motion is titled as a Motion in limine, however, the Court recognizes the motion as requesting a pre-trial determination for jurisdiction.

[7] The Certification, dated June 24, 2024, was executed by U.S. Coast Guard Commander Ian Starr. (ECF No. 293.)

*United States v. Orr*
Case No. 24-cr-0013
Memorandum Opinion
Page 4 of 11

## II. APPLICABLE LAW REGARDING MDLEA JURISIDICTION

"To prosecute a criminal offense in violation of the Maritime Drug Law Enforcement Act, the government must establish, as a preliminary question of law to be determined by the court, that the vessel on which the offense was committed was a covered vessel, which can be a vessel subject to the jurisdiction of the United States. *United States v. Prado*, 933 F.3d 121, 125 (2d Cir. 2019). "Jurisdictional issues under the MDLEA 'are preliminary questions of law to be determined solely by the trial judge' and do not constitute elements of the offense. 46 U.S.C. § 70504(a)." *United States v. Chalwell*, No. 24-cr-00072 (MAJ), 2024 U.S. Dist. LEXIS 143476, at *5 (D.P.R. Aug. 12, 2024); *see e.g., United States v. Guerrer*o, 114 F.3d 332, 340 n.9 (1st Cir. 1997) ("United States jurisdiction over vessels is no longer an element of an offense, but rather, a preliminary question of law for the trial judge."); *United States v. Gonzalez*, 311 F.3d 440, 447 (1st Cir. 2002) (Torruella, J., concurring) ("whether a vessel is within the jurisdiction of the United States for purposes of the MDLEA is a proper question for the judge, as it bears upon the right of the court to entertain the claim.").

"A vessel outside the recognized 12-mile limit of a nation's territorial seas is also a 'vessel located within international waters' subject to the United States' jurisdiction under the MDLEA." *Chalwell*, 2024 U.S. Dist. LEXIS 143476, at *4-5 (citations omitted). One way of proving that a vessel is subject to the jurisdiction of the United States is by showing that the vessel was stateless or without nationality as defined in 46 U.S.C. § 70502(d). A vessel without nationality is "a vessel subject to the jurisdiction of the United States." *Id.* at § 70502(c)(1). Whether a vessel is without nationality "can turn on the outcome of a claim of nationality or registry." *Prado*, 933 F.3d 121 at 128 (citing 46 U.S.C. § 70502(d)).

The MDLEA provides three ways in which a vessel can be shown to be without nationality: 1) by a claim of nationality or registry asserted by possessing on board the vessel and producing documents evidencing the vessel's nationality; 2) by flying the nation's ensign or flag; or 3) by a verbal claim of nationality or registry by the master or individual in charge. *Id.* at § 70502(e). If the master or individual in charge makes the claim, then the U.S. law enforcement officer can establish statelessness by seeking verification from the registry of the nation whose registry is claimed. "If that registry office either denies registration or does

not affirmatively and unequivocally confirm it, the vessel is deemed without nationality. "Alternatively, an officer of the United States may 'request' of the master to know whether there is a claim of nationality or registry, and if that person fails to make a claim of registry, then the vessel is deemed 'without nationality.'" *Prado*, 933 F.3d at 129. A nation's response to a claim of registry "is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502. The government has the burden of establishing jurisdiction over a defendant by a preponderance of the evidence. *United States v. Mitchell-Hunter*, 663 F.3d 45, 50 (1st Cir. 2011).

### III. DISCUSSION

#### A. Jurisdiction is a determination for the trial judge.

Section 70504 of the MDLEA, captioned "Jurisdiction and venue," provides:

> (a) Jurisdiction. — Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.[8]

The Court notes the split among its sister circuits on the question of whether the MDLEA implicates subject matter jurisdiction, as a vessel under 46 U.S.C. § 70503(e)(1) is "subject to the jurisdiction of the United States." The Third Circuit has yet to rule on this issue, however, the Court is particularly persuaded by reasoning articulated by the Second Circuit in *Prado*. There, the Second Circuit stated:

> The question whether the federal courts have subject matter jurisdiction over a prosecution of a criminal offense defined by the statutes of the United States is simply and conclusively answered by 18 U.S.C. § 3231. It states in clear, unambiguous words, 'The district courts of the United States have original jurisdiction of all offenses against the laws of the United States.' If the indictment alleges an offense under U.S. criminal statutes, the courts of the United States have jurisdiction to adjudicate the claim. If the facts fail to show a violation, the court enters judgment for the defendant. It does not dismiss the case for lack of jurisdiction, leaving the case unadjudicated.

*Prado*, 933 F.3d at 134 (citation altered).

---

[8] Part (a) was added to the MDLEA in 1996. (Pub.L. No. 104-324, § 1138(a)(5), 110 Stat. 3901 (1996).)

The offense specified in the MDLEA under 46 U.S.C. § 70503 is an offense under the laws of the United States—a criminal offense.[9] And federal courts have subject-matter jurisdiction over criminal prosecutions by virtue of 18 U.S.C. § 3231. "There is not a word in the [MDLEA] to suggest that it conflicts with, limits, or supersedes 18 U.S.C. § 3231's universal grant of subject matter jurisdiction to the federal courts over criminal offenses specified in federal statutes." *Id.* at 135. Because the offense specified in 46 U.S.C. § 70503 is an offense under the laws of the United States, 18 U.S.C. § 3231 confers subject matter jurisdiction of prosecutions under section 70503 on the district courts. *Id.*

The significance of the statute's reach is compelling. As noted in *Prado*, "[t]he question whether U.S. statutes reach foreign conduct arises relatively infrequently in the business of the U.S. courts."[10] *Prado,* 933 F.3d at 133. As further noted by the First Circuit, the "MDLEA's jurisdiction provision. . . is not concerned with a defendant's interests at trial, but instead with the rights of governments, determined by a judge prior to trial." *Mitchell-Hunter*, 663 F.3d 45 at 51; *see also United States v. Nueci-Peña*, 711 F.3d 191, 199 (1st Cir. 2013) (rejecting the argument that the Sixth Amendment right to confrontation applies to pre-trial MDLEA jurisdictional proceedings and emphasizing that such determinations do not involve questions of guilt or innocence). *Prado* further explains that "[l]egislative, or prescriptive, jurisdiction concerns itself with the reach of a nation's (or any political entity's) laws. With respect to conduct occurring outside of a nation's territory, it asks whether the nation possesses, or has exercised, legislative power over those acts." *Prado*, 933 F.3d at 133.[11] The Court further opined:

---

[9] "While on board a covered vessel, an individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. §70503(a)(1).

[10] "In contrast, jurisdiction to adjudicate, commonly referred to in the jurisprudence of the federal courts as subject matter jurisdiction, is an issue that arises on a daily basis in the United States federal courts, because they are courts of limited jurisdiction and are charged with an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Prado*, 933 F.3d at 133.

[11] "Willis L. M. Reese, the reporter for the second conflict of laws restatement, defines 'legislative jurisdiction' as 'the power of a state to apply its law to create or affect legal interests.' Willis L. M. Reese, Legislative Jurisdiction, 78 Colum. L. Rev. 1587, 1587 (1978). Judicial jurisdiction, on the other hand, is 'the power of a state to try a case in its courts. *See generally* Donald Earl Childress III, "Jurisdiction, limits under international law,' in Encyclopedia of Private International Law (Elgar 2017) (discussing the difference between jurisdiction to prescribe; jurisdiction to enforce; and jurisdiction to adjudicate, of which subject matter jurisdiction and

> Specifying the circumstances in which a nation's laws apply extraterritorially typifies a legislature's exercise of legislative jurisdiction by defining the statute's reach. The general subject of legislative jurisdiction encompasses at least three legislative concerns: (i) whether it is consistent with international law to so extend the reach of the nation's laws; (ii) whether doing so respects comity among nations or would cause undesired friction with foreign nations; and, finally, (iii) exactly how the extraterritorial reach of the statute is defined. The provisions of the Maritime Drug Law Enforcement Act (MDLEA) evince concern for each of these. With respect to vessels subject to the jurisdiction of the United States, the limits Congress imposed on the reach of the MDLEA to stateless vessels in international waters reflect concern for both international law and prescriptive comity.

*Id.* at 136-137.

In his opposition, Defendant raises arguments that neither persuade the Court nor overcome *Prado's* sound reasoning.

### B. Due Process is not violated by the jurisdictional requirement of the MDLEA.

Defendant argues that the MDLEA violates the due process clause, which "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (ECF No. 311 at 3) (citing "*In re Winship*, 397 U.S. 358, 364 (1970)). The First Circuit succinctly addressed why the jurisdiction of the vessel is not an element requiring proof beyond a reasonable doubt, but rather goes to Congress' ability to pass laws making the location of this criminal conduct subject to prosecution in U.S. Courts:

> The MDLEA's jurisdiction determination is explicitly "not an element of an offense," and "[j]urisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a). In addition to being statutorily defined as such, the jurisdictional determination would not be an "element" at common law either, because the question of whether a vessel is subject to the jurisdiction of the

---

personal jurisdiction are subcategories). The Fourth Restatement of Foreign Relations Law makes a similar distinction, employing the term 'jurisdiction to prescribe':
The foreign relations law of the United States divides jurisdiction into three categories:
(a) jurisdiction to prescribe, i.e., the authority of a state to make law applicable to persons, property, or conduct;
(b) jurisdiction to adjudicate, i.e., the authority of a state to apply law to persons or things, in particular through the processes of its courts or administrative tribunals; and
(c) jurisdiction to enforce, i.e., the authority of a state to exercise its power to compel compliance with law.
*See* Restatement (Fourth) of Foreign Relations Law, *§ 401—Categories of Jurisdiction* (2018)." *Prado*, 933 F.3d at 133 n.6.

> United States does not relate to whether a defendant committed the proscribed actus reus or possessed the necessary mens rea. The MDLEA's jurisdictional requirement, therefore, does not affect the defendant's blameworthiness or culpability, which is based on the defendant's participation in drug trafficking activities, not on the smoothness of international relations between countries.
>
> In fact, the purpose of the MDLEA's jurisdictional requirement is not to protect a defendant's rights, but instead to maintain comity between foreign nations; the MDLEA's "subject to jurisdiction" provision is a matter of diplomatic comity. The MDLEA's jurisdiction provision therefore is not concerned with a defendant's interests at trial, but instead with the rights of governments, determined by a judge prior to trial.

*Mitchell-Hunter*, 663 F.3d at 51 (citing *United States v. Tinoco*, 304 F.3d 1088, 1109 (11th Cir. 2002) (noting that the MDLEA's jurisdiction requirement is "unique because it is not meant to have any bearing on the individual defendant, but instead is meant to bear only on the diplomatic relations between the United States and foreign governments")) (other internal citations and internal quotation marks omitted) (citation altered); *see also United States v. Vilches-Navarrete*, 523 F.3d 1 (1st Cir. 2008), cert. denied, 555 U.S. 897 (2008) (finding that Congress's provision under 46 U.S.C. § 70504(a) did not violate defendant's Fifth and Sixth Amendment rights to have every element of criminal offense decided by a jury beyond a reasonable doubt; the issue was not an element of crime in requisite sense and could be decided by a judge); *United States v. Estrada-Obregon*, 270 F. Appx. 978, (11th Cir. 2008), cert. denied, 555 U.S. 997 (2008) (finding that the MDLEA did not violate the Due Process Clause and Sixth Amendment right to jury trial because the statute did not require that jurisdiction be proven to a jury beyond a reasonable doubt; jurisdiction was not an element of the offense and did not have to be proven to a jury beyond a reasonable doubt). Accordingly, since the issue of United States' jurisdiction over the vessel is not an element of the offense, none of the defendants' due process process rights are violated by not having that issue submitted to a jury.[12]

---

[12] Defendant further asserts the analogy that jurisdiction is "akin to the 'interstate commerce' element in domestic offenses"—an essential element of the charged offense because "the interstate commerce element ensures that a federal criminal statute is not applied in a way that encroaches on principles of federalism." (ECF No. 311 at 5.) The principles of Federalism involve the division of power between the federal government and

### C. The Certification is conclusive.

Defendant challenges "whether sufficient and accurate information was provided to Jamaica prior to Jamaican [SIC] giving a response." (ECF No. 311 at 9.) Defendant points out that at the omnibus hearing held on May 30, 2025, the Government's witness stated that he did not see numbers or other insignia on the vessel that Defendant was intercepted on. However, photos presented in Court demonstrated that the vessel did indeed have numbers on one side.[13] On this basis, Defendant now questions the information that was provided to the Government of Jamaica and whether an informed decision was made by the Government of Jamaica. Defendant also challenges the Certification provided by the Government because although it referenced the numbers on the hull of the vessel, it does not state what information was provided to the Government of Jamaica when it provided its response to Defendant's claim of nationality. (ECF No. 311 at 9.) Defendant also challenges the Certification provided by the Government because it does not state what information was provided to the Government of Jamaica. *Id.* Even though the Certification references the numbers on the hull, Defendant argues that the Government of Jamaica may have not made an informed decision in its response.

First and foremost, the MDLEA explicitly states that "[t]he response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) may be made by radio, telephone, or similar oral or electronic means, *and is proved conclusively* by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(d)(2) (emphasis added). It does not appear that in enacting the MDLEA, Congress was concerned with what information was provided to the foreign nation, only that the claimed foreign nation was contacted based on a claim of registry and that that nation provided a response to U.S. officials. Moreover, "[t]he Act does not require the certification of the Secretary of State to include the details of how

---

the individual states as outlined in the Constitution. The Framers "split the atom of sovereignty" so that U.S. citizens "would have two political capacities, one state and one federal, each protected from incursion by the other." *United States Term Limits v. Thornton*, 514 U.S. 779, 838-39 (1995). The instant matter has little in common with "two different governments created and confirmed by the Constitution." *Id*.

[13] The Coast Guard ultimately sunk the vessel "as a hazard to navigation." (ECF No. 1-1 Pastwik Aff. at ¶¶ 9, 10.)

an official received or from whom the official received the response to a claim of registry from a foreign nation." *United States v. Campbell*, 743 F.3d 802, 806 (11th Cir. 2014). Thus, whether or not U.S. officials provided the Government of Jamaica with the hull number on the vessel is inconsequential.[14] The Court further finds that the Coast Guard had no duty to advise the Government of Jamaica that the vessel contained numbers on its hull. Any concerns with regards to the information provided, or lack thereof, is a matter between the United States and the Government of Jamaica. The defendants have no standing to challenge the lack of specificity provided. *See e.g.,* 46 U.S.C. § 70505.[15] Accordingly, Court finds the Certification to be conclusive and that, by a preponderance of the evidence, the vessel was a stateless vessel.

### 1. Although conclusive, the Certification is not relevant.

The Government also requests that the Certification be admitted as evidence during the trial. While the certification may be admissible under several sections of the Federal Rules of Evidence, the issue of whether the United States has jurisdiction over the vessel is not an element of the offense, and therefore, not relevant for purposes of the trial.[16] The Government would be entitled to an instruction that the vessel was a vessel subject to the jurisdiction of the United States as a matter of law. However, the Government will be

---

[14] There is no indication that the vessel has any registration documents on board or that Orr made a claim that the hull number on the vessel was its registration number.

[15] Section 70505 provides, in full:
> A person charged with violating section 70503 of this title [46 USCS § 70503], or against whom a civil enforcement proceeding is brought under section 70508 [46 USCS § 70508], does not have standing to raise a claim of failure to comply with international law as a basis for a defense. A claim of failure to comply with international law in the enforcement of this chapter [46 USCS §§ 70501 et seq.] may be made only by a foreign nation. A failure to comply with international law does not divest a court of jurisdiction and is not a defense to a proceeding under this chapter [46 USCS §§ 70501 et seq.].

[16] Notwithstanding that the Certification could satisfy requirements under the Federal Rules of Evidence, the Court is concerned it may violate the Defendant's Sixth Amendment right to confrontation. Nonetheless, the Court finds it unnecessary to address this issue.

*United States v. Orr*
Case No. 24-cr-0013
Memorandum Opinion
Page 11 of 11

required to prove that the events occurred on the high seas.[17] as alleged in the Superseding Indictment. Accordingly, the Government's request to admit the Certification is denied.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the United States had jurisdiction over the vessel at issue in this case since the vessel was a "vessel without nationality." However, the Court will deny the Government motion to admit the Certification of Commander Starr into evidence at trial. An appropriate Order follows.

**Dated:** January 13, 2026               */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[17] The "high seas" is defined as all waters seaward of any nation's 12-nautical mile territorial sea limit and includes a nations exclusive economic zone. *See* 33 C.F.R. §§ 2.22, 2.30, 2.32; *see also United State v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003).